1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PERRY A. MCCULLOUGH,                          CV F   06 563 OWW LJO P

        Plaintiff,

    v.                                           FINDINGS AND RECOMMENDATIONS
                                               REGARDING MOTION FOR PRELIMINARY
                                               INJUNCTIVE RELIEF (Doc. 8.)

FEDERAL BUREAU OF PRISONS, et. al.,

        Defendants.

_____/

    Perry A. McCullough ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action.  Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

    Plaintiff filed the instant action on May 11, 2006, in the District of Columbia.  The Case was transferred to this Court and received on May 16, 2006.

    On September 20, 2006, Plaintiff filed a Motion for Temporary Restraining Order requesting that the Defendants named in the action be Ordered to refrain from "intimidating, harassing, coercing plaintiff or otherwise interfering in the prosecution of the case."  (Proposed

1   Order re: Motion for TRO.)

2       "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

3   granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v.</u>

4   <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (*quotations and citations omitted*).  The purpose of a

5   preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

6   moving party that justice requires the court to intervene to secure the positions until the merits of

7   the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395

8   (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

9   combination of probable success and the possibility of irreparable harm, or (2) that serious

10  questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air</u>

11  <u>Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

12  demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if

13  the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff

14  "must demonstrate a fair chance of success of the merits, or questions serious enough to require

15  litigation." <u>Id</u>.

16      In addition, a federal court is a court of limited jurisdiction.  Because of this limited

17  jurisdiction, as a threshold and preliminary matter the court must have before it for consideration

18  a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  If the court does not have a

19  "case" or "controversy" before it, it has no power to hear the matter in question. <u>Rivera v.</u>

20  <u>Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

21      As noted above, Plaintiff's case was only recently transferred and received by this Court.

22  According to the case history, Plaintiff's case was transferred for lack of venue.  As such, the

23  case was not reviewed to determine whether it stated a cognizable claim.  As this Court has yet to

24  conduct an initial screening of the case, the Court is without jurisdiction to entertain a Motion for

25  Temporary Restraining Order as it has not yet found that the Complaint sufficiently states

26  cognizable claims for relief such that the case can proceed.

27      Accordingly, the Court HEREBY RECOMMENDS that the Motion for Temporary

28

1  Restraining Order be DENIED.[1]

2         The Court HEREBY ORDERS that these Findings and Recommendations be submitted

3  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

4  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

5  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

6  a copy of these Findings and Recommendations, any party may file written Objections with the

7  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

8  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

9  and filed within TEN (10) court days (plus three days if served by mail) after service of the

10  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

11  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

12  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

13  (9th Cir. 1991).

14  IT IS SO ORDERED.

15  Dated:    September 28, 2006                    /s/ Lawrence J. O'Neill

16  b9ed48                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27        [1]Plaintiff is further informed that pursuant to Local Rule 78-230(m), all motions filed in prisoner cases are

28  to be heard on the record without oral argument.  Thus, Plaintiff should refrain from attempting to set motions for
   hearing on the Motion Calendar of a Judge.  Local Rule 78-230(m)