# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY A. MCCULLOUGH, | CV F   06 563 OWW LJO P |
| Plaintiff, | ORDER CONSTRUING MOTION TO STRIKE ORDER DENYING MOTION FOR DEFAULT AS MOTION FOR RECONSIDERATION (Doc. 27) |
| v. | |
| FEDERAL BUREAU OF PRISONS, et. al., | ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 27.) |
| Defendants. | |

Perry A. McCullough ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action was filed in the U.S. District Court for the District of Columbia on February 24, 2005. The case was transferred and received by this Court on May 11, 2006.

On October 17, 2006, Plaintiff filed a pleading titled "Demand for Judgment as a matter of law where the Defendant(s) have filed to Timely Respond." On December 4, 2006, Plaintiff filed another pleading titled "Motion for Order To Show Cause" why the clerk of court failed to

enter judgment. On December 14, 2006, this Court issued an Order denying the Motion for Default judgment, disregarding the Motion for Order to Show Cause and relieving the Defendants from having to file an Answer under the Federal Rules of Civil Procedure at this time. Plaintiff has responded to this Order by filing a Motion to "Strike the Order denying Motion for Default" issued on December 14, 2006. Plaintiff states that Judge Kennedy from the District of Columbia conducted a preliminary screening under Section 1915(A)(a) (of the Prison Litigation Reform Act "PLRA") and thus, the Defendants should have to respond to his Complaint under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. Plaintiff references a seven page order he states was attached to the Motion. However, no such attachment accompanied the Motion. In any event, because Plaintiff is requesting the Court to strike an Order it previously issued based on argument presented in his Motion, the Court CONSTRUES the Motion to Strike as a Motion for Reconsideration.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

The Court has reviewed Plaintiff's Motion and has also examined the record and the orders issued by the District of Columbia District Court, specifically, the Memorandum and Opinion referenced by Plaintiff. Plaintiff's interpretation with regard to a "screening" of the case, however, is incorrect. Nowhere in the Memorandum Opinion issued by Judge Kennedy of the U.S. District Court for the District of Columbia, is the PLRA referenced. Even had the Court cited to the PLRA, Plaintiff overlooks the fact that the case was transferred to this Court because that Court lacked jurisdiction over any of the Defendants. (See Doc. # 4-5.) This means that the Court lacked the authority to affect the rights of the Defendants with respect to Plaintiff's allegations.

Further, the fact that the Court in the District of Columbia Ordered service of the

Complaint on the Government does not prevent this Court from conducing a screening under the PLRA. The PLRA allows the court to dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)(emphasis added). It is the procedure in this Court to order service of the Complaint only after the Court has conducted a screening of the case and determined that it raises cognizable claims for relief on which the Plaintiff can proceed. An Answer or other responsive pleading is then filed. Because the filing of this action took place in a Court other than this Court, the Complaint was served and the Defendants responded by filing a Motion to Dismiss or transfer the case. Although the Court ultimately concluded it lacked jurisdiction over the named Defendants, there is no record that it ever conducted a screening under the PLRA.

      Plaintiff is also mistaken in his assumption that the Defendants have failed to "respond" within the time frame allotted by the Federal Rules of Civil Procedure. Plaintiff conveniently overlooks the provisions of Rule 12(a)(4) which provide "unless a different time is fixed by the court . . . ." a responsive pleading is to be filed within ten days of the denial of a motion allowed under the rules. Fed.R.Civ.P.12(a)(4), (A). This Court "fixed" a different time by relieving the Defendants from their obligation to file an Answer and stating that an Answer would only be required upon the issuance of a separate Court Order. While it is true that this Order issued after the 10 day time frame referenced by Plaintiff, the denial of Plaintiff's Motion for Judgment was not improper.

      As indicated in the Court's prior Order, entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a). "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside

in accordance with Rule 60(b)." Fed. R. Civ. Pro. 55(c).  As stated above, the Defendants in the District of Columbia moved to dismiss the case within the proper time frames allowed under the Rules of Civil Procedure.  Thus, it cannot be said that the Defendants have "failed to plead or otherwise defend" and entry of default is not warranted.  Further, subsection (e) of Rule 55 provides that "no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court." Fed.R.Civ.P. 55(e).  At this stage in the proceedings and because the Court has not yet determined that the Complaint states cognizable claims for relief, there is not a sufficient basis in the pleadings on which judgment by default can be entered.

Finally, Plaintiff's complaint regarding the time its taken for the Court to conduct is screening does not go unheard.  However, as indicated above, this Court has an overwhelming number of prisoner cases that too have been awaiting screening.  The Court proceeds with the cases in the Order in which they are received and thus, Plaintiff is urged to be patient.  Plaintiff is reminded that the filing of motions such as these only serve to divert the Court's attention from the screening process and thus, only add to the delay.

The Court finds Plaintiff request  is not based on any new facts or law not in existence at the time the Motion for Entry of Default was filed.  Accordingly, the Motion will be DENIED.

The Court HEREBY ORDERS:

1. The Motion to Strike the Order Denying the Entry of Default is CONSTRUED as a Motion for Reconsideration; and

2. The Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   January 24, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE