# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY A. McCULLOUGH, | 1:06-cv-00563-OWW-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 58) |
| v. | ORDER DIRECTING PLAINTIFF TO FILE A |
| FEDERAL BUREAU OF PRISONS, et. al., | SECOND AMENDED COMPLAINT OR NOTIFY COURT OF INTENT TO PROCEED |
| Defendants. | ON CLAIMS PREVIOUSLY FOUND COGNIZABLE (Doc. 55) |
| | ORDER DIRECTING CLERK OF THE COURT |
| _____/ | TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |

I.     Order

     A.     Procedural History

     Perry A. McCullough ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action.  Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

     This action was originally filed in the U.S. District Court for the District of Columbia ("the D.C. Court") February 24, 2005.  (Doc. 1.)  On March 14, 2006, the D.C. Court issued an order ("the D.C. Court Order") concluding it lacked personal jurisdiction over Wackenhut Corrections Corporation ("W.C.C.") and the individual defendants, all Privacy Act claims against W.C.C. were dismissed, and to transfer the case to this Court.  (Doc. 4-5.)   The case was received by this Court May 11, 2006.  (Doc. 1.)

1

On October 17, 2006, Plaintiff moved for judgment to be entered on his behalf based on Defendants' failure to answer his Complaint. (Doc. 18.)  On December 4, 2006, Plaintiff moved for an order to show cause as to why judgment had not been entered. (Doc. 23.)  On December 14, 2006, then Magistrate Judge Lawrence J. O'Neill[1] ("then Magistrate O'Neill") denied the requested default judgment, disregarded the Motion for Order to Show Cause, and relieved Defendants from having to file an answer as the case had not been screened pursuant to 28 U.S.C. § 1915A(a). (Doc. 24.)  Plaintiff moved to strike that Order January 16, 2007, arguing the D.C. Court screened the case in the D.C. Court Order and thus, Defendants should be required to answer the Complaint per Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. (Doc. 27.) On January 24, 2007, then Magistrate O'Neill construed Plaintiff's motion as a motion for reconsideration of the prior order denying Plaintiff's Motion for Default, and denied the motion on the grounds that the D.C. Court Order did not screen the case and service of the Complaint by the D.C. Court did not prevent this Court from screening the Complaint. (Doc. 29.)

Plaintiff filed a first amended complaint February 6, 2007. (Doc. 30.)  Magistrate Austin screened the First Amended Complaint, and October 17, 2008, dismissed it with leave to file a second amended complaint, or to proceed on the claim(s) found cognizable. (Doc. 55.)  Plaintiff requested and received an extension of time to file a second amended complaint. (Docs. 56 & 57.)  On December 15, 2008, Plaintiff filed the present motion titled "Motion for De Novo Review of Magistrate's Order Dismissing Complaint With Leave to Amend Where Provisions of the Order Conflict with Prior Determinations of the District Court" ("this Motion"). (Doc. 58.)

Plaintiff requests this Court to conduct de novo review to strike and/or amend orders previously issued by the Magistrate Judges.  This Court CONSTRUES this Motion as a motion for reconsideration.

B.      Plaintiff's Motion for Reconsideration

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick

_____

[1] Magistrate Judge Lawrence J. O'Neill has since been elevated to the position of United States District Judge.

1   Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th

2   Cir. 1983) (en banc).  "Rulings by Magistrate Judges shall be final if no reconsideration thereof is

3   sought from the Court within ten (10) court days calculated from the date of service of the ruling

4   on the parties, see Fed. R. Civ. P. 6(a), (d) . . . unless a different time is prescribed by the

5   Magistrate Judge or the Judge."  Local Rule 72-303(b).  "A party seeking reconsideration of the

6   Magistrate Judge's ruling shall file a request for reconsideration by a Judge with the Clerk and

7   serve the Magistrate Judge and all parties.  Such request shall specifically designate the ruling, or

8   part thereof, objected to and the basis for that objection.  This request shall be captioned 'Request

9   for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 72-303(c).

10  However, "[a] judge of the court may reconsider any pretrial matter [determined by an assigned

11  magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous

12  or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Further, when filing a motion for

13  reconsideration, a party must show the "new or different facts or circumstances claimed to exist .

14  . . did not exist or were not shown upon such prior motion, or what other grounds exist for the

15  motion."  Local Rule 78-230(k)(3).

16      Plaintiff delineates two issues in this Motion: (1) whether the D.C. Court screened the

17  Complaint before ordering Defendants to file answers; and (2) whether a Magistrate Judge has

18  the authority to "countermand" the order of a District Court Judge who has made dispositive

19  rulings in another district.  (Doc. 58. pg. 7.)  Plaintiff identifies and questions then Magistrate

20  O'Neill's orders of December 14, 2006 and January 24, 2007, and Magistrate Austin's order of

21  October 17, 2008.  (Docs. 24, 29, & 55.)

22      The issue of whether the D.C. Court screened this case prior to transfer was previously

23  addressed and ruled on in then Magistrate O'Neill's orders relieving Defendants from filing

24  answers until the case was screened and denying reconsideration thereof – which were served

25  December 15, 2006 and January 24, 2007 respectively.  (Docs. 24 & 29.)  To challenge these

26  Orders, Plaintiff should have filed this Motion no later than February 3, 2007.  On this issue,

27  Plaintiff also argues Magistrate Austin should not have screened the First Amended Complaint.

28  Magistrate Austin screened the First Amended Complaint, and, on October 17, 2008, dismissed it

3

1    with leave to amend, or proceed on the claim(s) found cognizable.  (Doc. 55.)  On November 12,

2    2008, Plaintiff requested an extension of time to file a second amended complaint, which was

3    granted.  (Docs. 56 & 57.)  Notably, Plaintiff did not request an extension of time to request

4    reconsideration of Magistrate Austin's order.  Plaintiff should have requested reconsideration of

5    Magistrate Austin's order on, or before, October 27, 2008.

6           Plaintiff filed this Motion on December 15, 2008, which was untimely as to the orders in

7    question.  (Doc. 58.)  Despite this tardiness, since Plaintiff is pro se, some leniency is granted.

8    This Court also considers whether Plaintiff shows new or different facts that exist now which did

9    not exist at the time of the orders in question, and whether the Magistrate Judges' Orders

10   requiring screening, and screening Plaintiff's claims, were clearly erroneous or contrary to law.

11          Plaintiff argues the D.C. Court screened his claims before Defendants were required to

12   file an "answer," and therefore, the screening requirement imposed by the Magistrate Judges of

13   this Court countermanded the D.C. Court's orders.

14          There is nothing in the record to suggest the D.C. Court screened the Complaint before it

15   was served on the Defendants.  The Court notes, on the D.C. Court's docket, the words "answer

16   due" were clerically typed on each entry noting service had been executed.  However, Plaintiff is

17   remiss in his understanding that the D.C. Court ordered the Defendants to file only a document

18   entitled "Answer" as opposed to any other responsive pleading.  To the contrary, after being

19   served with a summons and complaint, a defendant may file a number of responsive pleadings --

20   all of which fall under the category of *answering* a complaint.  Fed. R. Civ. P. 12.  A motion to

21   dismiss is just one document a defendant may use to answer a summons and complaint.  Fed. R.

22   Civ. P. 12(b).

23           Further, Plaintiff's factual allegations regarding a screening by the D.C. Court in ruling

24   on the motions to dismiss were addressed by then Magistrate O'Neill's Order on Motion for

25   Reconsideration.  (Doc. 29.)  As correctly stated in then Magistrate O'Neill's Order, Plaintiff's

26   interpretation that the D.C. Court's ruling on the Motions to Dismiss equated to a screening of

27   the case is incorrect.  (Doc. 29, pg. 2.)  Plaintiff's only claim to receive any analysis, which might

28   equate to screening, was against W.C.C. for violating the Privacy Act.  The D.C. Court stated in

it's Memorandum Opinion that, based on 5 U.S.C. § 552a(g)(5), Plaintiff's claims under the Privacy Act could be brought in that district, but could only be brought against federal agencies – which W.C.C. is not.  The D.C. Court then dismissed all such claims against W.C.C..  This is the only screening analysis addressed by the D.C. Court Order.  (Doc. 4-5.)  Plaintiff overlooks the fact that the case was transferred to this Court due to lack of personal jurisdiction and improper venue on all other claims.  (Doc. 4-5.)  While the D.C. Court heard and ruled on the Motions to Dismiss, there is no basis in the record to assume the D.C. Court conducted a preliminary screening of all of Plaintiff's claims per 28 U.S.C. § 1915A(a).  (Docs. 1, 2, 3, & 4.)

As also correctly stated in then Magistrate O'Neill's same order, the fact that the D.C. Court ordered service of the Complaint does not prevent this Court from screening Plaintiff's claims.  The Court is allowed to screen prisoner complaints, and to dismiss any portion thereof, if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii)(emphasis added).  It remains the procedure in this Court to screen and order service of only those prisoner claims which are cognizable.  Then Magistrate O'Neill was correct to relieve the Defendants of their task of filing a responsive pleading until the case had been screened.  It follows that Magistrate Austin was correct to screen Plaintiff's First Amended Complaint.

Plaintiff fails to show any new or different facts or circumstances, which were not in existence and considered both when then Magistrate O'Neill required Plaintiff's claims be screened and when Magistrate Austin actually screened Plaintiff's claims.[2]  Nor does Plaintiff

---

[2] Plaintiff argues then Magistrate Judge O'Neill erred in stating Plaintiff filed the instant action on May 11, 2006, when in fact it was initially filed February 24, 2005.  It is true Plaintiff initially filed this action February 24, 2005 in the D.C. Court.  It is also true the action was first received and filed in this Court May 11, 2006.  While the clerical error which obscured the date of Plaintiff's initial filing has been internally rectified, the precise date on which the action was

1  show the Orders of then Magistrate O'Neill requiring screening, and Magistrate Austin's

2  proceeding to screen Plaintiff's claims, were clearly erroneous or contrary to law.

3      Plaintiff weaves disagreements with the analysis in Magistrate Austin's screening order

4  throughout this Motion.  However, this Motion is not the proper document, and this is not the

5  proper time for Plaintiff to raise such attacks.  Magistrate Austin's screening order provided

6  Plaintiff with two choices – to either proceed with this action based solely on the claims found

7  cognizable, or to file a second amended complaint correcting the noted deficiencies to state

8  additional cognizable claims.  Plaintiff must choose from these two alternatives.  Magistrate

9  Austin's order specifically noted difficulty in screening Plaintiff's First Amended Complaint.

10 Plaintiff made separate factual statements against varying defendants in both his "Facts of

11 Verified Complaint Affidavit" and under each of his delineated causes of action.  Filing a second

12 amended complaint is the proper avenue for Plaintiff to cure the noted deficiencies and clarify

13 which constitutional violations he alleges against specific defendants with factual basis for each

14 allegation.[3]

15     Plaintiff is advised, if he chooses to file a second amended complaint, it will be screened

16 for cognizable claims.  If Plaintiff is able to state cognizable claims, the Defendant(s) will then

17 be required to respond to his claims in responsive pleading(s).  However, if it appears Plaintiff

18 has exhausted all factual allegations and is unable to further amend to correct defects to state

19 cognizable claims, the Magistrate Judge will submit his findings and recommendations to the

20 United States District Judge assigned to the case.  (28 U.S.C. § 636(b)(l).)  Plaintiff will be

21 served with a copy of any such  findings and recommendations.  Within thirty (30) days after

22 being served with any such findings and recommendations, Plaintiff may file written objections

23 with the Court.  Failure to file objections within the specified time may waive the right to appeal

24 the District Court's order.  Martinez v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26 first filed bears no legal consequence to the screening of the case by the Magistrate Judges of this
   Court.

27

28 [3] The Court need not review this Motion under Fed. R. Civ. P. 15(a) as leave to amend
   was previously granted.

6

1  II.      Conclusion

2          The Court finds Plaintiff's request is not based on any new facts or law not in existence at

3  the time the orders in question were issued, and the challenged orders were not clearly erroneous

4  or contrary to law.  Accordingly, the Motion will be DENIED.

5          The Court HEREBY ORDERS:

6          1.      Plaintiff's "Motion for De Novo Review of Magistrate's Order Dismissing First

7                  Amended Complaint with Leave to Amend Where Provisions of the Order

8                  Conflict with Prior Determinations of the District Court D.C." is CONSTRUED

9                  as a Motion for Reconsideration;

10         2.      The Motion for Reconsideration is DENIED;

11         3.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

12         4.      The time for Plaintiff to respond to the order served on October 17, 2008 (Doc.

13                 55) is extended;

14         5.      Within **thirty (30) days** from the date of service of this order, Plaintiff must

15                 either:

16                 a.      File a second amended complaint curing the deficiencies identified by the

17                         Court in the order issued and served October 17, 2008 (Doc. 55), or

18                 b.      Notify the Court in writing that he does not wish to file a second amended

19                         complaint and wishes to proceed only on the claims identified by the Court

20                         as viable/cognizable in the order issued and served October 17, 2008 (Doc.

21                         55); and

22         6.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

23                 to state a claim.

24  IT IS SO ORDERED.

25  **Dated:    January 21, 2009**              _____/s/ Oliver W. Wanger_____
                                               UNITED STATES DISTRICT JUDGE

26

27

28