# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ADRON MCCULOUGH,<br><br>　　　　　　Plaintiff,<br>　v.<br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　　　Defendant. | CASE NO.　1:06-cv-00563-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 97)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## **FINDINGS AND RECOMMENDATION**

**I.　PROCEDURAL HISTORY**

Plaintiff Perry Adron McCulough ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Pending before this Court is a Motion to Dismiss filed by Defendant Federal Bureau of Prisons ("BOP").  (ECF No. 97.)  Plaintiff filed an Opposition on July 15, 2011, and Defendant replied on July 22, 2011.  (ECF Nos. 108 & 110.)

This action proceeds on Plaintiff's Second Amended Complaint filed March 30, 2009. (ECF No. 62.) The Court screened Plaintiff's Complaint finding that it stated a cognizable claim for relief against Defendant BOP for a violation of the Privacy Act, 5 U.S.C. § 552a. (ECF Nos. 86 & 91.)

## II. **ARGUMENT**

In his Motion, Defendant BOP puts forth several arguments for dismissal: 1) Plaintiff failed to exhaust his administrative remedies; 2) Plaintiff's claim is barred by the Privacy Act's statute of limitations; and 3) records in BOP's inmate central file system are exempt from the Privacy Act.[1]

As to the exhaustion argument, Defendant states that the BOP SENTRY computer system is a database that includes and tracks all administrative grievances filed by inmates incarcerated at BOP. (ECF No. 97-2, ex. A, pp. 1-3.) The system shows that Plaintiff has filed numerous grievances since 1991. (ECF No. 97-3.) However, none of his grievance filings alleged a violation of the Privacy Act or challenged any documentation in BOP inmate records. (Id.; ECF No. 97-2, ex. A, p. 2.) Thus, Defendant argues, Plaintiff failed to file any administrative grievance alleging the violations claimed here, much less exhaust his administrative remedies.

In his Opposition, Plaintiff appears to be arguing that he did in fact attempt to exhaust his available administrative remedies, but stopped because it was futile. Plaintiff states that he sent a BP-S148.055 form to the Warden asking that his central file be purged of certain documents. The Warden denied such request. Plaintiff sent another

---

[1] Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, it is not necessary to address the statute of limitations and exemption arguments proffered by Defendant.

2

Case 1:06-cv-00563-AWI-GBC   Document 111   Filed 08/12/11   Page 3 of 7

request and again the request was denied. Plaintiff wrote to the BOP Regional Office and other prison officials and repeatedly requested that his central file be purged of certain documents. All of his requests were denied. Plaintiff then filed a Freedom of Information Act request requesting certain documents from his central file. Plaintiff received 125 pages of documents in return.

Plaintiff states that every response he received from his requests repeated language from BOP policy which allowed the BOP to maintain records of expunged prohibited acts. Plaintiff claims that this demonstrated that pursuit of an administrative remedy would be futile. Plaintiff also argues that Defendant's Motion is not properly reviewable as a motion to dismiss because it includes documents that were not referred to in the complaint.

In his Reply, Defendant states that Plaintiff's concession that he failed to exhaust the administrative remedy process is a valid ground for dismissal. As to Plaintiff's second argument, Defendant contends that as an unenumerated 12(b) motion, it is treated in abatement and that pursuant to caselaw, the Court can look beyond the pleadings in deciding this issue. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003.)

### III. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 210–212 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the

3

relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002) (federal prisoners suing under Bivens must first exhaust inmate grievance procedures; administrative exhaustion is prerequisite even if administrative remedies are not plain, speedy, and effective, and relief inmate seeks is not available). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford, 548 U.S. at 83–84.

A prisoner need not present a specific legal theory or constitutionally grounded basis for his requested relief. Rather, all that is required is that the prisoner articulate a specific deficiency and place the officials on notice of the area of concern. Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) ("As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming."); see also Doe v. Wooten, 2010 WL 2821795, *2 (N.D. Ga. July 16, 2010).

The BOP has established an administrative remedy process through which an inmate seeks review of any complaint regarding any aspect of prison confinement. See C.F.R. §§ 542.10 through 542.19. The Administrative Remedy Program entails three steps. 28 C.F.R. § 542 et seq. The grievance must be presented to institutional staff through BP-9 form. 28 C.F.R. § 542.14(a). Then, the grievance is appealed to the Regional Director through a BP-10 form. 28 C.F.R. § 542.15(a). Finally, the grievance is appealed to the General Counsel in the BOP's Central Office. 28 C.F.R. § 542.15(a).

Exhaustion only occurs if all three steps are completed.

## IV.     ANALYSIS

First, Plaintiff claims that Defendant's Motion is improper. However, in deciding a non-enumerated Rule 12 motion to dismiss for failure to exhaust available administrative remedies, the Court may consider the parties' submissions outside the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Defendant has been afforded an opportunity to develop the record, and has done so by pointing to and discussing extensive documentation to support his arguments. Id. at 1120 n. 14.

Second, from evidence provided by Defendant, it is obvious that Plaintiff did not file a grievance regarding this Privacy Act claim against Defendant BOP nor did he file any grievance complaining about his central file. Plaintiff does not appear to disagree with this statement. However, Plaintiff seems to believe that requesting that his central file be purged and requesting that he be allowed copies of certain documents, somehow acted as a grievance so as to place Defendant on notice of Plaintiff's Privacy Act complaint. Plaintiff further appears to believe that receiving repeated denials of his request demonstrates the futility of filing a grievance.

Here, Plaintiff claims that Defendant BOP violated the Privacy Act through its maintenance of inaccurate records and use of those records as the basis for decisions that adversely affected Plaintiff. Plaintiff's requests sent to a Warden and other prison officials explain that a charge against Plaintiff had been expunged yet the incident report for the act was still in his file. Then, he would request that these documents be purged from his file. In several of the responses received, Plaintiff was told to direct his requests to institution staff through the administrative remedy procedure at the prison. (ECF No. 108, p. 23.)

Plaintiff also sent requests for documents under the Freedom Of Information Act. He received some of the documents requested and was told how to appeal the decision if necessary. (ECF No. 108, p. 26.)

Plaintiff's communications to the Warden and other prison officials neither excused Plaintiff's failure to properly submit the appeal, nor relieved him from proceeding through all the steps in the grievance process. See Woodford, 548 U.S. at 91, 93 (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules"); Wilson v. Wann, 2008 WL 4166886, *2 (E.D. Cal. Sept. 8, 2008) (letters to Internal Affairs and warden were insufficient to show exhaustion); see also Lees v. Felker, 2009 WL 2824862, *5 (E.D. Cal. Sept. 1, 2009) (letter to warden is not an alternative method to the inmate grievance process for exhausting administrative remedies); Panaro v. City Of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (participation in internal affairs investigation did not exhaust); Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (informal complaints did not exhaust); Singh v. Goord, 520 F.Supp.2d 487, 495 (S.D.N.Y. 2007) (letter to warden did not exhaust).

Also, Plaintiff argues that the repeated denials of his request demonstrate futility in pursuing the administrative remedy process. However, futility is not an exception to the exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); see also Tatum v. Rosario, 2005 WL 2114190, *2 n. 4 (E.D. Cal. Sep. 1, 2005).

Based on the evidence, the Court finds that Plaintiff failed to follow the appeals procedure that was available to him even after being directed to use it by prison officials.

## V. CONCLUSION AND RECOMMENDATION

Because it is undisputed that Plaintiff did not properly exhaust his administrative remedies prior to bringing this action, the Court does not have jurisdiction over his claims against BOP. Therefore, the Court HEREBY RECOMMENDS that Defendant BOP's Motion to Dismiss for failure to exhaust be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 11, 2011

UNITED STATES MAGISTRATE JUDGE