1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

11 PERRY ADRON McCULLOUGH,                    CASE NO.      1:06-cv-00563-AWI-GBC (PC)

12                                           FINDINGS AND RECOMMENDATIONS
                     Plaintiff,             RECOMMENDING GRANTING
13                                          DEFENDANTS' MOTION TO DISMISS AND
        v.                                  DISMISSING ACTION, WITHOUT
14                                          PREJUDICE, FOR FAILURE TO EXHAUST
   FEDERAL BUREAU OF PRISONS, et al.,       ADMINISTRATIVE REMEDIES
15
                                            Doc. 112
16                   Defendants.
                                         /  OBJECTIONS DUE WITHIN THIRTY DAYS
17

18                              **Findings and Recommendations**

19                                    **I. Procedural History**

20        On February 9, 2005, Plaintiff Perry Adron McCullough ("Plaintiff"), a federal prisoner

21 proceeding pro se and in forma pauperis, filed a complaint in the United States District Court for the

22 District of Columbia, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

23 *Narcotics*, 403 U.S. 388 (1971). Doc. 1. On March 15, 2006, the United States District Court for the

24 District of Columbia transferred this action to the United States District Court for the Eastern District

25 of Columbia. *Id.* On March 30, 2009, Plaintiff filed a second amended complaint. Doc. 62. On

26 December 6, 2010, the Magistrate Judge issued findings and recommendations, recommending this

27 case proceed on Plaintiff's cognizable claims of First Amendment retaliation against Defendants

28 R.D. Andrews, T. Bianco, F. Buckholz, Terry Craig, Jeffrey Cruz, Raylene Dougherty, H.J. Gardner,

Matthew Holm, John Pendelson, Georgina Puentes, Barbara Steward, Bob Steifer, and J. Towes[1] ("Defendants") and against Defendant Federal Bureau of Prisons ("BOP") for violation of the Privacy Act. Doc. 86. On December 29, 2010, the Court adopted the findings and recommendations and dismissed Plaintiff's remaining claims and defendants. Doc. 91.

On January 24, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 94. On April 8, 2011, Defendant BOP filed a motion to dismiss, for failure to exhaust administrative remedies. Doc. 97. On September 1, 2011, the remaining Defendants filed a motion to dismiss, for failure to exhaust administrative remedies. Doc. 112.[2] On September 19, 2011, the Court adopted findings and recommendations, which granted Defendant BOP's motion to dismiss for failure to exhaust administrative remedies and dismissed Defendant BOP from this action. Doc. 117. On September 26, 2011, Plaintiff filed a response to the remaining Defendants' motion to dismiss. Doc. 118. On October 12, 2011, Defendants filed a reply to Plaintiff's response. Doc. 120.

## II. Factual Background

From early 2001 until July 2002, Plaintiff was housed at Taft Correctional Institution ("Taft"),[3] a "low" security prison, which is owned and operated by a private company and is operated under a contract with the BOP. Pl. 2d Am. Compl. at 2-3, 5 & 12, Doc. 62; Defs.' Mem. Mot.

---

[1] The Court utilizes the spelling of Defendants' names as printed in their motion to dismiss. Doc. 112.

[2] Defendants also moved to dismiss for failure to state a claim upon which relief may be granted and attached various exhibits to dispute the facts alleged in Plaintiff's complaint. Docs. 112, 113, & 115. In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Therefore, Defendants' extensive exhibits in support of their motion to dismiss for failure to state a claim are improper, and the Court will not address Defendants' motion on this ground. However, exhibits are proper to support a motion to dismiss for failure to exhaust administrative remedies. "In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

[3] Plaintiff is currently held at Federal Correctional Institution in Seagoville, Texas. Pl. Resp. at 18, Doc. 118.

1    Dismiss at 3-4, Doc. 113. Defendants were employed by Taft, a private company. *Id.* at 4.

2        On November 26, 2001, inmates at Taft conducted a work / food strike, which resulted in an

3    institutional lockdown. Pl. 2d Am. Compl. at 6; Defs.' Mem. Mot. Dismiss at 4. Defendants charged

4    Plaintiff with taking a leading role that led to the strike. Defs.' Mem. Mot. Dismiss at 4. On

5    December 21, 2011, Defendants issued a disciplinary report finding Plaintiff guilty of "conduct

6    which interferes with the orderly running of the institution." Pl. 2d Am. Compl. at 9 & 14; Defs.'

7    Mem. Mot. Dismiss at 4. Plaintiff filed an appeal and his disciplinary report was reversed and

8    expunged. Pl. 2d Am. Compl. at 11-12; Defs.' Mem. Mot. Dismiss at 4. However, Defendant

9    Warden Andrews retained the expunged disciplinary report in Plaintiff's central file as a

10   "management variable" in case of possible transfer. Defs.' Mem. Mot. Dismiss at 4 & 7. Defendants

11   notified Plaintiff of this status in his third discipline hearing report. Defs.' Mem. Mot. Dismiss at 4.

12   On July 12, 2002, based on this disciplinary report "management variable" in Plaintiff's file, BOP

13   transferred him to Federal Correctional Institution in Tucson, Arizona, a "medium" security prison.

14   Pl. 2d Am. Compl. at 12; Defs.' Mem. Mot. Dismiss at 4. Plaintiff alleges that Defendants

15   transferred Plaintiff from a low security prison to a medium security prison in retaliation, based on

16   the expunged disciplinary report "management variable" in Plaintiff's file. Pl. 2d Am. Compl. at 2.

17   Plaintiff did not file a prison grievance regarding Defendants' actions of retaining the expunged

18   disciplinary report or for the alleged transfer in retaliation. *See* Pl. 2d Am. Compl. at 14. On February

19   9, 2005, Plaintiff initiated this civil action. Doc. 1. Plaintiff's second amended complaint seeks

20   $350,000 in compensatory damages as well as punitive damages from Defendants, who were

21   employed by Taft, a private company. Pl. 2d Am. Compl. at 4 & 15.

22   **III. Defendants' Motion to Dismiss for Exhaustion Of Administrative Remedies**

23   **A. Legal Standard**

24       Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

25   brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

26   prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

27   as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is

28   therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548

U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Bureau of Prisons has established an administrative remedy procedure which allows federal prisoners to seek non-judicial review of any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10 through 542.19. The program affords inmates multiple levels of administrative review through which a remedy for their particular grievance may be obtained. First, an inmate must attempt to resolve the issue informally by presenting it to staff before filing an administrative appeal. 28 C.F.R. § 542.13. If dissatisfied with the response, the prisoner may proceed with the formal filing of an administrative remedy request on a BP-9 form. 28 C.F.R. § 542.14. Upon denial by the institution, the prisoner may appeal the decision by filing a BP-10 Appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The Regional Director's decision can then be appealed by submitting a BP-11 Appeal to the BOP General Counsel in Washington, D.C., which constitutes the final step in the administrative remedy process. *Id.*

Of course, an inmate who wishes to utilize the BOP's Administrative Remedy Program must comply with certain procedural rules and deadlines. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline). Federal inmates must file an initial administrative remedy request within twenty calendar days from the date on which the basis for the request occurred. 28 C.F.R. §542.14(a). To appeal a decision of the Regional Director, the prisoner must seek review from the General Counsel within thirty calendar days of the Regional Director's response. 28 C.F.R. §542.15(a). Although the procedure sets forth deadlines at each step of the administrative remedy program, extensions in filing

time may be granted. 28 C.F.R. §§ 542.14(b); 542.15(a). An inmate whose appeal is rejected for procedural errors may also be given additional time to correct the defects in his filing. 28 C.F.R. §542.17(b). Even if the prisoner's appeal is rejected as untimely, he is still entitled to appeal that rejection to the next level of administrative review. 28 C.F.R. §542.17(c). Still, any difficulties which the prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency for review. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

Plaintiff did not file a prison grievance regarding Defendants' actions of retaining the expunged disciplinary report or for the alleged transfer in retaliation. *See* Pl. 2d Am. Compl. at 14, Doc. 62. Although Plaintiff successfully appealed the underlying disciplinary report, which BOP reversed and expunged, Plaintiff did not file a grievance regarding Defendants' actions of retaining the expunged disciplinary report or for the alleged transfer in retaliation. *See id.*

On September 19, 2011, this Court adopted findings and recommendations, which granted Defendant BOP's motion to dismiss for failure to exhaust administrative remedies and dismissed Defendant BOP from this action. Doc. 117. Defendants cite Defendant BOP's motion and declaration in support of their motion to dismiss for failure to exhaust administrative remedies. Defs.' Mem. Mot. Dismiss at 8, Doc. 113. BOP's SENTRY computer system is a database which includes all administrative grievance filings made by inmates incarcerated by the BOP. Def. BOP. Mot. Dismiss at 7, Doc. 97. Although Plaintiff has filed numerous administrative remedies since his initial incarceration in 1991, he has not filed a grievance challenging any documentation in BOP inmate records or a transfer in retaliation. *See* Def. BOP. Mot. Dismiss, Syed Decl. ¶ 5, Doc. 97-2;

1  *see also* Def. BOP. Mot. Dismiss, Attach. A, SENTRY Plaintiff Administrative Remedy Record,

2  Doc. 97-3.

3        Plaintiff contends that his appeal of the underlying disciplinary report, which charged him

4  with taking a leading role that led to the inmate strike, satisfied the requirements for exhaustion of

5  his pending claim for retaliation. Pl. Resp. at 6, Doc. 118. For purposes of the PLRA's exhaustion

6  requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress

7  is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Ultimately, a grievance must

8  "provide enough information . . . to allow prison officials to take appropriate responsive measures."

9  *Id.* at 1121. Plaintiff's underlying appeal regarding the inmate strike is not the same claim as

10 Plaintiff's current allegations that Defendants placed an expunged disciplinary report in his file and

11 transferred him in retaliation. Therefore, the appeal of Plaintiff's inmate strike charges did not alert

12 the prison officials of the pending claims in this civil action, pursuant to *Griffin* and the PLRA.

13       Plaintiff contends that he does not have to exhaust his administrative remedies because he

14 is claiming a First Amendment violation. Pl. Resp. at 7. In support of his argument, Plaintiff cites

15 *Britt v. Simi Valley Unified School Dist.*, 696 F.2d 644 (9th Cir. 1983). First, *Britt* was not a prisoner

16 suit, and therefore not subject to the PLRA. Second, *Britt* pre-dated the PLRA, which came into law

17 in 1995. Third, in 2006, the Supreme Court held that pursuant to the PLRA, proper exhaustion in

18 prisoner cases is mandatory. *Ngo*, 548 U.S. at 84-85.

19       In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies

20 is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro

21 se prisoners who litigate in federal court will likewise be "forced to comply with numerous

22 unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized

23 that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the

24 PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision,

25 § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but

26 is mandatory." *Id.* at 85.

27       There is no record before this Court that Plaintiff filed a grievance with respect to

28 Defendants' actions of retaining the expunged disciplinary report or for the alleged transfer in

retaliation. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss, filed September 1, 2011, is GRANTED;

2.      This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and

3.      The Clerk of the Court is directed to close the case.


These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 5, 2012

UNITED STATES MAGISTRATE JUDGE